IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ORLANDO M. GUTIERREZ | § | |
| #02-74388, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:19-cv-2394-X-BN |
| | § | |
| TDCJ and AUSTIN STATE HOSPITAL, | § | |
| | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Orlando M. Gutierrez, resident at the Austin State Hospital, a psychiatric facility in the Western District of Texas, has sent a *pro se* filing to this Court requesting that the Court intervene in litigation he filed in the Western District. *See* Dkt. No. 2 ("I'm writing in concern of case 1:18CV703 RP ... in Austin Division."). This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Brantley Starr. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss this action.

Although Gutierrez's filing is confusing, liberally construed, it seems that he is requesting that the Court compel another federal district court to act.

The federal mandamus statute, 28 U.S.C. § 1361, provides "district courts [with] original jurisdiction of any action in the nature of mandamus to compel an officer or

agency of the United States or any agency thereof to perform a duty owed to the plaintiff." *Id.* And another judge of this Court recently addressed whether Section 1361 provides jurisdiction over requests like Gutierrez's:

> A court is not an officer, employee or agency of the United States against whom a writ of mandamus under § 1361 may be issued. *See Chandler v. Judicial Council of Tenth Circuit*, 398 U.S. 74, 94 (1970) (Harlan, J. concurring) ("The District Court mandamus statute, § 1361, extends to 'officers,' 'employees,' and 'agencies' of the United States; there is no indication that it empowers the District Courts to issue mandamus to other judicial tribunals."); *Liberation News Service v. Eastland*, 426 F.2d 1379, 1384 (2d Cir. 1970) ("in enacting § 1361 ... , Congress was thinking solely in terms of the executive branch"). Although the Fifth Circuit Court of Appeals does not appear to have specifically addressed this issue, other circuits and courts have found that district courts lack jurisdiction to issue writs of mandamus to other courts, whether higher or equal.

*Whaley v. U.S. Court of Appeals Fifth Circuit/Office of Clerk*, No. 3:18-cv-2816-C-BH, 2018 WL 7118009, at *3 (N.D. Tex. Dec. 31, 2018) (collecting cases), *rec. adopted*, 2019 WL 319579 (N.D. Tex. Jan. 23, 2019); *cf. Williams v. Quarterman*, No. 3:06-cv-717-G, 2006 WL 2423415, at *2 (N.D. Tex. Aug. 22, 2006) ("[N]o district judge has the power of appellate review over the other judges of this court. Additionally, 'the structure of the federal courts does not allow one judge of a district court to rule directly on the legality of another district judge's judicial acts or to deny another district judge his or her lawful jurisdiction.'" (quoting *In re McBryde*, 117 F.3d 208, 223, 225 n.11 (5th Cir. 1997); citation omitted)).

The Court therefore lacks jurisdiction over this action.

## Recommendation

The Court should dismiss this action for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 15, 2019

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE